IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIE LEIBY and RICHARD LEIBY, Individually and as Husband and Wife,<br>Plaintiffs | : NO.<br>:<br>:<br>: |
| v. | :<br>: |
| THE PEPSI BOTTLING GROUP, INC. and DOLLAR GENERAL CORPORATION,<br>Defendants | :<br>:<br>: JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Marie Leiby and Richard Leiby, Individually and as Husband and Wife, by and through counsel, Cohen, Feeley, Altemose & Rambo, P.C., bring this Complaint against The Pepsi Bottling Group, Inc. and Dollar General Corporation, and in support hereof, aver as follows:

1. Plaintiff, Marie Leiby ("Plaintiff"), is an adult individual who is a citizen of the Commonwealth of Pennsylvania, residing at 8423 Bake Oven Road, Germansville, PA 18053.

2. Plaintiff, Richard Leiby ("Spouse-Plaintiff"), is an adult individual who is a citizen of the Commonwealth of Pennsylvania, residing at 8423 Bake Oven Road, Germansville, PA 18053.

3. At all times relevant hereto, Plaintiff and Spouse-Plaintiff resided together as husband and wife.

4.  Defendant, The Pepsi Bottling Group, Inc. ("Pepsi Bottling"), is a corporation, or other business entity and citizen of the States of Delaware and New York, having a principal place of business located at 700 Anderson Hill Road, Purchase, NY  10577.

5.  Defendant, Dollar General Corporation ("Dollar General"), is a corporation, or other business entity and citizen of the State of Tennessee, having a principal place of business located at 100 Mission Ridge, Goodlettsville, TN  37072.

6.  At all times relevant hereto, Defendants acted individually and by and through their agents, servants, workmen and/or employees acting within the course and scope of their employment and in furtherance of Defendants' business interests.

7.  At all times relevant hereto, Defendant, Dollar General, owned, possessed, cared for, managed, maintained, operated and staffed the Dollar General store located at 5432 Oakwood Lane, Schnecksville, PA  18078 (the "Store").

8.   On or about August 31, 2020, Plaintiff was a customer of the Store and was inside the Store premises walking in an area designated by Defendant, Dollar General, for customer pedestrian traffic.

9.  On the date and at the time and place as aforesaid, an agent, servant, workman and/or employee of Defendant, Dollar General, or Defendant, Pepsi Bottling, acting within the course and scope of his or her employment for his or her employer, was also inside the Store and possessed a cart.

10.  At all times relevant hereto, both Defendants knew, or should have known, that an agent, servant, workman and/or employee of Defendant, Dollar General, or Defendant, Pepsi Bottling, acting within the course and scope of his or her employment for his or her employer, was inside the Store and possessed a cart.

11.  At all times relevant hereto, said employee was inside the Store and conducting his or her activities with the express or implied permission of both Defendants.

12.  On the date and at the time and place as aforesaid, said employee was in a position out of Plaintiff's view of said person, either completely behind or to the side of Plaintiff, and while either walking or standing, pushed or placed a cart possessed by said employee into Plaintiff, and the cart struck her, causing her to fall and to suffer the injuries and damages more fully set forth at length below.

## COUNT I

### Marie Leiby v. The Pepsi Bottling Group, Inc.

13.  Plaintiff, Marie Lieby, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

14.  The aforesaid accident was caused by the negligence and carelessness of Defendant, The Pepsi Bottling Group, Inc., in that said Defendant, *inter alia,* did:

    (a).  fail to observe Plaintiff and avoid striking her with the cart;

    (b).  place or push the cart when Plaintiff was within striking distance of the cart;

    (c).  continue to approach Plaintiff when Defendant knew or should have known that she could not observe the approach;

    (d).  walk so close to Plaintiff that Plaintiff could be struck by the cart;

    (e).  perform work in pedestrian aisleways during the business's normal business hours where Defendant knew or should have known that customers would be walking;

    (f).  continue to approach Plaintiff when Defendant knew or should have known that the cart may strike her;

    (g).  fail to wait until all pedestrians were clear prior to and during Defendant's work in the Store;

(h).  fail to wait until after normal business hours to perform the work that Defendant needed to perform in the Store;

(i).  fail to barricade or block off the areas where Defendant would be using and walking with the cart and performing its work from Store customers;

(j).  fail to warn Plaintiff and other customers of the work that was being done, the presence of Defendant and the cart, and the anticipated movements of Defendant and the cart;

(k). fail to observe the location and movements of the cart;

(l).  fail to properly control the cart;

(m).   fail to coordinate its work with store operations so as to eliminate the potential that the cart may strike a customer in any pedestrian walkways within the Store;

(n).   fail to keep a constant view ahead of Defendant as Defendant was walking or placing the cart;

(o).  fail to see Plaintiff who was in open view;

(p).  watch where Defendant was walking;

(q).  place or push the cart while distracted;

(r).  fail to train its employees regarding the safe performance of work in a Store that was open for business with customers present;

(s).  fail to provide safe pedestrian walkways in the Store;

(t).  fail to provide a safe entrance to and exitway from the Premises;

(u).  fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly protect customers from being struck by carts;

(v).  fail to use reasonable care in hiring, employing and/or promoting various agents, servants, workmen and/or employees who had the responsibility and obligation to properly protect customers from being struck by carts;

(w).  fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly supervise and conduct the operation of the Store;

4

(x). permit the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly protect customers from being struck by carts and to supervise and conduct the operation of the Store to continue to work as agents, servants, workmen and/or employees, when said Defendant knew, or should have known, that said agents, servants, workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments;

(y). fail to establish rules, policies, procedures and programs governing the protection of customers from being struck by carts and conducting the supervison and operation of the Store;

(z). fail to comply with its own rules, policies, procedures and programs governing the protection of customers from being struck by carts and conducting the supervision and operation of the Store;

(aa). breach duties in Defendant's contract with third parties that were designed and intended to protect customers of the Store from being injured or killed by Defendant's work activities when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said duty by walking in the area where the accident occurred;

(bb). undertake, gratuitously or for consideration, all duties set forth in subparagraphs (a) through (aa) and fail to comply with said duties when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said duty by walking in the area where the accident occurred, in violation of the Restatement (Second) of Torts, Section 323, 324, 324A and 344.

15. Solely as a result of the carelessness and negligence of Defendant, Plaintiff was caused to suffer injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout her entire body, both internally and externally, all of which may be permanent, including, but not limited to: multiple fractures to the left knee cap requiring surgery and causing internal derangement of the bones and tissues of the knee.

16. As a result of the above injuries, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to her great loss and detriment.

17. As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to her great loss and detriment.

18.  As a result of the above injuries, Plaintiff has been unable to engage in her usual and customary social and recreational activities and other life's pleasures may be prevented from engaging in such activities in the future, all to her great loss and detriment.

WHEREFORE, Plaintiff, Marie Leiby, demands judgment against Defendant, The Pepsi Bottling Group, Inc., in an amount in excess of Seventy-Five Thousand ($75,000), plus interest, costs of suit, delay damages and other relief as this Honorable Court deems just and proper.

## COUNT II

### Marie Leiby v. Dollar General Corporation

19.  Plaintiff, Marie Lieby, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

20. The aforesaid accident was caused by the negligence and carelessness of Defendant, Dollar General Corporation, in that said Defendant, *inter alia,* did:

(a).  fail to observe Plaintiff and avoid striking her with the cart;

(b).  place or push the cart when Plaintiff was within striking distance of the cart;

(c).   continue to approach Plaintiff when Defendant knew or should have known that she could not observe the approach;

(d).  walk so close to Plaintiff that Plaintiff could be struck by the cart;

(e).   perform work in pedestrian aisleways during the business's normal business hours where Defendant knew or should have known that customers would be walking;

(f).   continue to approach Plaintiff when Defendant knew or should have known that the cart may strike her;

(g).  fail to wait until all pedestrians were clear prior to and during Defendant's work in the Store;

(h).  fail to wait until after normal business hours to perform the work that Defendant needed to perform in the Store;

(i).  fail to barricade or block off the areas where Defendant would be using and walking with the cart and performing its work from Store customers;

(j).  fail to warn Plaintiff and other customers of the work that was being done, the presence of Defendant and the cart, and the anticipated movements of Defendant and the cart;

(k).  fail to observe the location and movements of the cart;

(l).  fail to properly control the cart;

(m).   fail to coordinate its work with store operations so as to eliminate the potential that the cart may strike a customer in any pedestrian walkways within the Store;

(n).   fail to keep a constant view ahead of Defendant as Defendant was walking or placing the cart;

(o).  fail to see Plaintiff who was in open view;

(p).  watch where Defendant was walking;

(q).  place or push the cart while distracted;

(r).  fail to train its employees regarding the safe performance of work in a Store that was open for business with customers present;

(s).  fail to provide safe pedestrian walkways in the Store;

(t).  fail to provide a safe entrance to and exitway from the Premises;

(u). permit vendors to make deliveries and remove product and to perform work during normal business hours in areas of the Store where it was foreseeable that customers would be present;

(v). fail to coordinate the work of its vendors with Store operations in such a manner so as to eliminate the potential for vendors performing work within the Store to encounter customers walking in pedestrian walkways within the Store;

(w). fail to wait until all pedestrians were clear prior to and during the work of Defendant's vendor in the Store;

(x). fail to wait until after normal business hours to allow Defendant's vendors to perform the work that they needed to perform in the Store;

(y). fail to barricade or block off the areas to be used by the vendors of Defendant for walking with the cart and performing their work so as to prevent their contact with Store customers walking in designed pedestrian walkways;

(z). fail to warn Plaintiff and other customers of the work that was being done by Defendant's vendors, the presence of Defendant's vendors and the cart, and the anticipated movements of Defendant's vendors and the cart;

(aa). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly protect customers of the Store from being struck by carts;

(bb). fail to use reasonable care in hiring, employing and/or promoting various agents, servants, workmen and/or employees who had the responsibility and obligation to properly protect customers of the Store from being struck by carts;

(cc). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly supervise and conduct the operation of the Store and to supervise Defendant's vendors;

(dd). permit the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly protect customers from being struck by carts and to supervise and conduct the operation of the Store and supervise Defendant's vendors to continue to work as agents, servants, workmen and/or employees, when said Defendant knew, or should have known, that said agents, servants, workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments;

(ee). fail to establish rules, policies, procedures and programs governing the protection of customers from being struck by carts and conducting the supervision and operation of the Store and the supervision of Defendant's vendors;

(ff).  fail to comply with its own rules, policies, procedures and programs governing the protection of customers from being struck by carts and conducting the supervision and operation of the Store and the supervision of Defendant's vendors;

(gg). breach duties in Defendant's contract with third parties that were designed and intended to protect customers of the Store from being injured or killed by Defendant's or its vendors work activities when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said duty by walking in the area where the accident occurred;

(hh).  undertake, gratuitously or for consideration, all duties set forth in subparagraphs (a) through (aa) and fail to comply with said duties when such failure increased the risk of harm to Plaintiff and/or Plaintiff reasonably relied upon Defendant's compliance with said duty by walking in the area where the accident occurred, in violation of the Restatement (Second) of Torts, Section 323, 324, 324A and 344.

21.  Solely as a result of the carelessness and negligence of Defendant, Plaintiff was caused to suffer injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout her entire body, both internally and externally, all of which may be permanent, including, but not limited to:  multiple fractures to the left knee cap requiring surgery and causing internal derangement of the bones and tissues of the knee.

22.  As a result of the above injuries, Plaintiff has been and may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to cure the above injuries, all to her great loss and detriment.

23. As a result of the above accident and injuries sustained thereby, Plaintiff has suffered physical pain, mental anguish, anxiety, embarrassment and humiliation and may continue to suffer the same for an indefinite period of time in the future, all to her great loss and detriment.

24.  As a result of the above injuries, Plaintiff has been unable to engage in her usual and customary social and recreational activities and other life's pleasures may be prevented from engaging in such activities in the future, all to her great loss and detriment.

WHEREFORE, Plaintiff, Marie Leiby, demands judgment against Defendant, Dollar General Corporation, in an amount in excess of Seventy-Five Thousand ($75,000), plus interest, costs of suit, delay damages and other relief as this Honorable Court deems just and proper.

## COUNT III

**Richard Leiby v. The Pepsi Bottling Group, Inc. and Dollar General Corporation**

25.  Spouse-Plaintiff, Dieter Mehrke, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

26.  As a sole result of the carelessness and negligence of Defendants, Pepsi Bottling and Dollar General as more fully set forth above, Spouse-Plaintiff has been obliged to incur and may continue to incur for an indefinite period of time into the future many costs for medicine, medical care and attention, and hospitalization in an attempt to treat his wife, Plaintiff, for the injuries caused to her by this accident, all to his great financial loss and detriment.

27.  As a further result of the carelessness and negligence of Defendants as more fully set forth above, Spouse-Plaintiff has been deprived of the society, comfort, assistance, and consortium of his wife, Plaintiff, and may continue to be deprived of the foregoing for an indefinite period of time into the future, all to his great financial loss and detriment.

WHEREFORE, Plaintiff, Richard Leiby, demands judgment against Defendant, The Pepsi Bottling Group, Inc. and Dollar General Corporation, in an amount in excess of Seventy-Five Thousand ($75,000), plus interest, costs of suit, delay damages and other relief as this Honorable Court deems just and proper.

**COHEN, FEELEY, ALTEMOSE & RAMBO, P.C.**

**BY:**_____
Mark K. Altemose, Esquire
I.D. No.:  58939
 2851 Baglyos Circle
Bethlehem, PA  18020
(610) 625-2100
maltemose@cohenfeeley.com
***Attorney for Plaintiffs***