UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRCT OF PENNSYLVANIA

| Marie Leiby and Richard Leiby Individually and as Husband and Wife<br><br>v.<br><br>Bottling Group, LLC, et.al. | No:  20-4898 |
|---|---|

**DEFENDANT, BOTTLING GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

And now comes Defendant, Bottling Group, LLC. by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, and files this Answer and Affirmative Defenses to the Amended Complaint averring as follows:

1. After reasonable investigation, answering defendant is without knowledge or information as to the truth of averments of paragraph 1 and strict proof thereof is demanded at time of trial.

2. After reasonable investigation, answering defendant is without knowledge or information as to the truth of averments of paragraph 2 and strict proof thereof is demanded at time of trial.

3. After reasonable investigation, answering defendant is without knowledge or information as to the truth of averments of paragraph 3 and strict proof thereof is demanded at time of trial.

4. Bottling Group, LLC is a Delaware corporation with a principal place of business of 1111 Westchester Avenue, White Plains, NY 10604, which is wholly owned by Bottling Group Holdings, Inc., a Delaware Corporation, which is a wholly owned subsidiary of PepsiCo, Inc. a North Carolina corporation that is publicly traded on the New York Stock Exchange.

5. Denied. The averments of paragraph 5 are directed to individuals or entities other than answering defendant and no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments in paragraph 5 and strict proof thereof is demanded at time of trial.

6. Denied. The averments of paragraph 6 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments in paragraph 6 and strict proof thereof is demanded at time of trial.

7. Denied. The averments of paragraph 7 are directed to individuals or entities other than answering defendant and no response is required. By way of further answer, the averments of paragraph 7 are denied as conclusions of law and for lack of knowledge.

8. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the factual averments of paragraph 8 and strict proof thereof is demanded at time of trial.

9. Denied. The averments of paragraph 9 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments in paragraph 9 and strict proof thereof is demanded at time of trial.

10. Denied. The averments of paragraph 10 are directed in part to individuals or entities other than answering defendant and no response is required. By way of further answer, the averments of paragraph 10 contain conclusions of law to which no response is required. By way of further answer, after reasonable investigation answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the factual averments of paragraph 10 and strict proof thereof is demanded at time of trial.

11. Denied. The averments of paragraph 11 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments in paragraph 11 and strict proof thereof is demanded at time of trial.

12. Denied. The averments of paragraph 12 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments in paragraph 12 and strict proof thereof is demanded at time of trial.

## COUNT I

13. Answering defendant incorporates by reference all paragraphs of this Answer as though set forth at length therein.

14. Denied. The averments of paragraph 14 are denied as conclusions of law. Negligence and careless is specifically denied. By way of further answer, it is specifically denied that answering defendant:

   a. failed to observe plaintiffs and avoid striking her with a cart;
   b. failed to place or push the cart when plaintiffs was within striking distance of the cart;
   c. failed to continue to approach plaintiffs when plaintiffs knew or should have known that she could not observe the approach;
   d. failed to walk so close to the plaintiffs that plaintiffs could be struck by the cart;
   e. failed to perform work in pedestrian aisle ways during the normal business hours where defendant knew or should have known that customers would be walking;

- f. failed to continue to approach plaintiffs when defendant knew or should have known that the cart may strike her;
- g. failed to wait until all pedestrians were clear prior to and during defendant's walk in the store;
- h. failed to wait until after normal business hours to perform the work that defendant needed to perform in the store;
- i. failed to barricade or block off the areas where defendant would be using and walking with the cart ad performing its work from store customers;
- j. failed to warn Plaintiffs and other customers of the work that was being done, the presence of Defendant and the cart, and the anticipated movements of Defendant and the cart;
- k. failed to observe the location and movements of the cart;
- l. failed to properly control the cart;
- m. failed to coordinate its work with store operations so as to eliminate the potential that the cart may strike a customer in any pedestrian walkways within the Store;
- n. failed to keep a constant view ahead of Defendant as Defendant was walking or placing the cart
- o. failed to see Plaintiffs who was in open view;
- p. failed to watch were Defendant was walking;
- q. placed or pushed the cart while distracted;
- r. failed to train its employees regarding the safe performance of work in a Store that was open for business with customers present;
- s. failed to provide safe pedestrian walkways in the Store;
- t. failed to provide a safe entrance to and exit way from the Premises:
- u. failed to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly protect customers from being struck by carts;
- v. failed to use reasonable care in hiring, employing and/or promote various agents, servants, workmen and/or employees who had the responsibility and obligation to properly protect customers from being struck by carts;
- w. failed to hire, employ and/or promote various agents servants workmen and/or employees with responsibility and obligation to properly supervise and conduct the operation of the Store;
- x. failed to permit various agents, servants, workmen and/or employees who had the responsibility and obligation to properly protect customers from being struck by carts and to supervise and conduct the operation of the Store to continue to work as agents, servants, workmen and/or employees, when said Defendant knew, or should have known, that said agents, servants workmen and/or employees were unable to and/or incapable of properly performing the requirements of their respective employments;
- y. failed to establish rules policies, procedures and programs governing the protection of customers form being struck by carts and conducting the supervision and operation of the Store;

   z. failed to comply with its own rules, policies, procedures and programs governing the protection of customers from being struck by carts and conducting the supervision and operation of the Store;

   aa. breached duties in Defendant's contract with third parties that were designed and intended to protect customers of the Store from being injured or killed by Defendant's work activities when such failure increased the risk of harm to Plaintiffs and/or Plaintiffs reasonably relied upon Defendant's compliance with said duty by walking in the area where the accident occurred;

   bb. failed to undertake, gratuitously or for consideration, all duties set forth in subparagraphs (a) through (aa) and fail to comply with said duties when such failure increased the risk of harm to Plaintiffs and/or Plaintiffs reasonably relied upon Defendant's compliance with said duty by walking in the area where the accident occurred, in violation of the Restatement (Second) of Torts, Section 323, 324, 324A and 344.

  15. Denied. The averments of paragraph 15 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 15 and strict proof thereof is demanded at time of trial.

  16. Denied. The averments of paragraph 16 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 16 and strict proof thereof is demanded at time of trial.

  17. Denied. The averments of paragraph 17 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 17 and strict proof thereof is demanded at time of trial.

  18. Denied. The averments of paragraph 18 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation,

answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 18 and strict proof thereof is demanded at time of trial.

Wherefore, answering defendant demands judgment in its favor and against all parties.

## COUNT II

19. Answering defendant incorporates by reference all paragraphs of this Answer as though set forth at length therein.

20 a-hh. These averments are directed to individual entities other than answering defendant and no response is required. By way of further answer, the averments of 20 a-hh are denied as conclusions of law and strict proof thereof is demanded.

21. Denied. The averments of paragraph 21 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 21 and strict proof thereof is demanded at time of trial.

22. Denied. The averments of paragraph 22 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 22 and strict proof thereof is demanded at time of trial.

23. Denied. The averments of paragraph 23 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 23 and strict proof thereof is demanded at time of trial.

24. Denied. The averments of paragraph 24 are denied as conclusions of law to which no response is required. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information to form a belief as to the truth of any factual averments of paragraph 24and strict proof thereof is demanded at time of trial.

Wherefore, answering defendant demands judgment in its favor and against all parties

## COUNT III

25. Answering defendant incorporates by reference all paragraphs of this Answer as though set forth at length therein.

26. Denied. The averments of paragraph 26 are denied as conclusions of law to which no response is required. Negligence and carelessness are specifically denied. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments of paragraph 26 and strict proof thereof is demanded at time of trial.

27. Denied. The averments of paragraph 27 are denied as conclusions of law to which no response is required. Negligence and carelessness are specifically denied. By way of further answer, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of any factual averments of paragraph 27 and strict proof thereof is demanded at time of trial.

Wherefore, answering defendant demands judgment in its favor and against all parties.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims may be barred and/or limited by the doctrines of contributory and/or comparative negligence.

3. Plaintiffs' claims may be barred and/or limited to the extent it is determined that any damages or losses allegedly suffered by plaintiffs were not caused by this defendant but were caused by individuals and or entities for whom this defendant exercises no control and whose conduct this defendant cannot be held liable.

4. In the event it is determined the plaintiffs sustained any injuries and/or damages, then recovery for same may be barred or limited to the extent such injuries and/or damages were the sole proximate and direct result of pre-existing intervening and/or superseding causes not within the control of this defendant and for which this defendant cannot be held liable.

5. Plaintiffs' claims should be barred or limited by the doctrine of the Assumption of the Risk.

6. Plaintiffs' claims may be barred or limited in the event it is revealed in discovery that plaintiffs failed to mitigate their damages.

7. Plaintiffs' may not recover any medical expense reimbursement in excess of the amount accepted or which would be accepted, as full payment and satisfaction of medical bills pursuant to Moorehead v. Crozer Chester Medical Center, 765 A2d, 786 (Pa 2001)

8. At all times hereto, defendant acted in a reasonable prudent and proper manner.

9. To the extent it is justified by the facts developed during discovery, defendant raises the applicable statue of limitations as a complete bar to some or all of plaintiffs' claims.

10. Plaintiffs' claims may be barred or limited by any release, setoff or reimbursements secured by plaintiffs through settlement with other individuals and/or entities.

11. Plaintiffs' claims may be barred or limited by an setoff or reimbursements secured by plaintiffs through settlement with or benefits through insurance

12. To the extent justified by the facts developed in discovery or at any time during trial, the defendant pleads all federal and state medical and healthcare legislation and/or coverage as a setoff to plaintiffs' claims.

13. Plaintiffs' claims are or may be governed by the provisions of the Pennsylvania Fair Share Act 17-2001 and this defendant hereby asserts its rights under as it may apply.

14. To the extent justified by the facts to be developed in discovery or at time of trial, this defendant reserves the right to add further defenses to plaintiffs' claims against it.

Wherefore, answering defendant demands judgment in its favor and against all parties.

DUGAN BRINKMANN MAGINNIS AND PACE

BY: */s/Randy C. Greene*_____
  RANDY C. GREENE, ESQUIRE
  I.D.# 62692
  1880 John F. Kennedy Boulevard,
  Suite 1400
  Philadelphia, PA 19103
  215-563-3500 – Phone; 215-563-5610 – Fax
  rcgreene@dbmplaw.com

## **CERTIFICATE OF SERVICE**

I, Randy C. Greene, Esquire, attorney for defendant, Bottling Group, LLC , do hereby certify that a copy of the foregoing was served upon the following counsel of record by email this 29th  day of January , 2021 ,addressed  as follows:

Mark K. Altermose, Esquire
Cohen Feeley Altermose Rambo
2851 Baglyos Circle, Ste. 200
Bethlehem, PA  18020
maltemose@cohenfeeley.com

Sean P. Hannon, Esquire
Dell Moser Lane & Loughney Llc
Two Chatham Center Ste 1500
112 Washington Pl
Pittsburgh, Pa 15219
Sph@Dellmoser.Com

/s/Randy C. Greene_____
Randy C. Greene, Esquire